IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNEDY WHEELER,**                                  **CASE NO. 2:08-cv-965**

      **Petitioner,**                                **JUDGE HOLSCHUH**
                                                          **MAGISTRATE JUDGE KEMP**

      v.

**WARDEN, ROSS CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court pursuant to its own motion to consider sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. . For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## PROCEDURAL HISTORY

According to the petition, petitioner was sentenced in the Franklin County Court of Common Pleas pursuant to his guilty plea on July 16, 2003, to thirty years incarceration for his convictions on charges of aggravated burglary, rape, burglary, and receiving stolen property. The Ohio Tenth District Court of Appeals affirmed his convictions and sentence on September 16, 2004. Petitioner did not seek review in the Ohio Supreme Court. On

September 26, 2004, he filed a motion to withdraw his guilty plea pursuant to Ohio Criminal Rule 32. The trial court denied the motion on October 8, 2006. Petitioner does not indicate that he pursued any subsequent appeal. Petitioner also appears to indicate that he filed a petition for post conviction relief in the state trial court, which action was denied on October 8, 2004. He does not appear to have appealed the denial of that petition.

On October 14, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Trial court err by accepting defendant guilty plea without first inquiring and determining if he was doing so willingly, voluntarily, knowingly, and intelligently pursuant to Crim. Rule 11(c)(2a) and 11C(2b), violating the defendant due process right to the 14th Amendment to the Constitution.
>
> 2. Prosecutor misconduct: Prosecutor gave false and misleading statements of facts to the trial court, by stating that on receiving stolen property, the defendant was found in possession of Ms. Danna Butt['s] credit card, which is false, also falsify that the defendant rape Ms. Butt. Misstated that the defendant on the charge of burglary was seen using Carol Raubenolt credit card which also not true, and misstated facts that on the charge of rape that the victim Jin Sun initial [sic] and stated that the defendant rape[d] her.
>
> 3. Ineffective assistance of trial counsel: Trial counsel failed to object to the prosecutor giving false and misleading facts to the trial court, denying the Defendant's 6th Amendment and 14th Amendment right[s] after defendant inform[ed] him that he wasn't guilty of those charges.
>
> 4. Defendant 14th Amendment rights violated.
>
> The prosecution violated the defendant['s] right to be

2

convicted and sentenc[ed] on ground of accurate information giving to the trial court. Prosecution knew that the information... given to the trial court was false and fail[ed] to correct it.

5. The petitioner['s] due process rights, constitutional right to a grand jury indictment and to notice of all the essential elements for which he was charged were violated by the State's failure to include a mens rea element into the counts.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Given the type of claims asserted in the petition, petitioner's convictions probably became final in 2004 when he failed to pursue an appeal to the Ohio Supreme Court of the Court of Appeals' affirmance of his conviction. Were that so, the statute of limitations in this case expired in 2005. Even if the Court were to find that petitioner's conviction did not become final until October 8, 2006, the date that the trial court denied petitioner's motion to withdraw guilty plea, the statute of limitations expired one year later, on October 8, 2007. *See Lawrence v. Florida*, 549 U.S. 327 (2007). Petitioner waited almost one year later, until September 14, 2008, to execute this habeas corpus petition. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for such time. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge