IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNEDY WHEELER,**

    **Petitioner,**                        **CASE NO. 2:08-CV-965**
                                            **JUDGE HOLSCHUH**
**v.**                                          **MAGISTRATE JUDGE KEMP**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

On June 9, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, and requests of stay of proceedings so that he may exhaust state court remedies as to his claims. Doc. Nos. 21, 22. For the reasons that follow, petitioner's request for a stay, Doc. No. 21, is **DENIED.** His objections, Doc. No. 22, are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

## REQUEST FOR A STAY

Petitioner requests a stay of proceedings so that he may exhaust state remedies on claim one of his habeas corpus petition, in which he asserts that his guilty plea was not knowing, intelligent or voluntary, and that the trial court failed to comply with Ohio Criminal Rules when accepting petitioner's guilty plea. As noted by the Magistrate Judge, to the extent that this claim relies on matters that are readily apparent from the face of the record, petitioner's claim remains unexhausted, because he never filed an appeal to the Ohio Supreme Court from the appellate court's September 16, 2004, decision denying his appeal, and he may still do so pursuant to Ohio Supreme Court Rule

of Practice II, Section 2(A)(4)(a). Nonetheless, the Magistrate Judge recommended dismissal of petitioner's on-the-record claim as plainly without merit.

To the extent that petitioner's allegation may rely on matters that are not readily apparent from the face of the record, the Magistrate Judge noted that petitioner failed to raise his claim in post conviction proceedings, and would most certainly be barred from presenting his claim to the state courts now in a successive and untimely post conviction petition under the strict provisions of O.R.C. § 2953.23. Therefore, the Magistrate Judge recommended that any off-the-record claim be dismissed as procedurally defaulted.

Under these circumstances, the record fails to reflect that a stay of proceedings is warranted. *See Rhines v. Weber,* 544 U.S. 269 (2005).

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

Here, petitioner has failed to establish good cause for his failure, to date, to pursue an appeal to the Ohio Supreme Court. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court); *Riner v. Crawford*, 415 F.Supp2d 1207, 1209-11 (D.Nevada 2006)(discussing the various standards adopted by courts to determine what may constitute good cause within the meaning of *Rhines*).

Petitioner likewise cannot establish that his claim is potentially meritorious. To the contrary, and for the reasons detailed in the Report and Recommendation, the record reflects that his claim is plainly without merit. Moreover, in *Neville v. Dretke,* 423 F.3d 474, 480 (5th Cir.2005), the United States Court of Appeals for the Fifth Circuit held that claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts. Such appear to be the circumstances here, as it relates to any off-the-record claim.

Therefore, petitioner's request for a stay, Doc. No. 21, is **DENIED**.

### OBJECTIONS TO THE REPORT AND RECOMMENDATION

While not specifically articulated, petitioner appears to object to the Magistrate Judge's recommendation that his second and fourth claims be dismissed as procedurally barred. In his second claim, petitioner asserted that the prosecutor engaged in misconduct during the plea hearing by misstating various facts to the trial court. The Magistrate Judge construed petitioner's fourth claim to be an explanation that his Fourteenth Amendment rights were violated by the prosecutor's knowingly providing false information to the trial court rather than an independent claim. As explained in the Magistrate Judge's Report and Recommendation, petitioner had pleaded guilty before the trial court to, among other charges, burglary and receiving stolen property. In his objection to the Magistrate Judge's recommendation, petitioner reiterates the prosecutor's alleged misstatements and asserts actual innocence as to the burglary and receiving stolen property charges.

The United States Supreme Court has held that a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional

3

claims." *Schlup v. Delo*, 513 U.S. 298, 326-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition. *Schlup*, 513 U.S. at 317, 115 S.Ct. 851. The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. at 315, 115 S.Ct. 851 (citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence-not previously presented at trial-would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir.2005). The threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup,* 513 U.S. at 317. Actual innocence is restricted to factual innocence and does not encompass mere legal insufficiency. *Souter* at 590 (citing *Bousley v. U.S.*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Application of the actual innocence exception should be "rare" and "only in the extraordinary case." *Schlup* at 321.

Further, no additional burden should be placed on a petitioner in proving actual innocence in the context of a guilty plea. *Hudach v. Money*, 2007 WL 1560551 (N.D. Ohio May

25, 2007) (citing *Brady v. United States*, 397 U.S. 742, 758 (1970)).  Accordingly, in this case, petitioner must show that new information provides him with a credible claim of actual innocence regarding the charges of burglary and receiving stolen property to which he pleaded guilty.  Petitioner has not proffered any new evidence let alone evidence sufficient to raise a doubt as to his guilt.  Consequently, petitioner has not met the burden required to overcome his procedural default.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation.  After careful review of the entire record, this Court is unpersuaded by any of petitioner's arguments.  For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, petitioner's objections (Doc. No. 22) are **OVERRULED.**  The Report and Recommendation is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.  The Clerk shall enter final judgment.  Petitioner's request for a stay (Doc. No. 21) is **DENIED**.


Date: August 20, 2010                                     **/s/ John D. Holschuh**
                                                                                    John D. Holschuh, Judge
                                                                                    United States District Court